Donald McLaughlin, by Charles McLaughlin, His Guardian and Next Friend, Appellee, v. The Alton Railroad, Appellant.

## Gen. No. 8,849.

Opinion filed January 14, 1935.

Covey & Woods, of Lincoln, for appellant; Silas H. Strawn, of Chicago, of counsel.

Harold F. Trapp, of Lincoln, for appellee.

Mr. Justice Davis delivered the opinion of the court.

Donald McLaughlin, by Charles McLaughlin, his guardian and next friend, commenced this action against the Alton Railroad to recover damages for personal injuries sustained by him as a result of a collision between the automobile in which he was riding and a car driven by Lafayette Boyer.

The right of way of the Alton Railroad extends north from Middletown, Illinois, and running parallel thereto and on the west side thereof is a State Aid Road which is improved with a gravel surface and is about 40 feet in width, and the graveled portion of the same being about 30 feet wide. The collision occurred on October 23, 1932, at a point on this State Aid graveled road about a mile and a quarter north of Middletown. At this place a private lane runs east across the right of way of the railroad to a farm house occupied by Herman Heyen, which is about a quarter of a mile east of the highway. This farm crossing was constructed and maintained by the railroad company. The point where the private road crosses the railroad track is at an elevation of about three and one-half feet above the grade of the highway, and it extends west about 40 feet to the east side of the highway. At this place and extending 300 or 400 yards south the right of way of the railroad is grown up with horseweeds, rosinweeds and brush six to eight feet in height, and growing so thickly together that it is impossible to see through them, and also the right of way of the State Aid Road adjoining the right of way of the railroad for a distance of from 9 to 11 feet in width is grown up with weeds.

Donald McLaughlin, Ananias Sparks and Paul Sparks were driving north on this State Aid Road, all of them occupying the front seat and Ananias Sparks was driving.

Just prior to the collision Lafayette Boyer was driving from the house of Herman Heyen over this private road in a Dodge car, and as he passed over the railroad he looked south and could see no car coming on the highway on account of the high weeds which were growing between where he was and the graveled portion of said highway. After crossing the track he started downgrade towards the highway at the rate of about six or seven miles per hour, and maintained this speed until he was struck by the car in which appellee was riding near the center of the graveled road. Donald McLaughlin, Paul Sparks and his brother, who was driving the car, did not see anything of the Boyer car until the front end passed the line of the weeds. The car in which they were riding turned completely over and came to rest about 75 feet north and west of the point of the collision. McLaughlin was pinned under the car and his back was broken, and he is paralyzed from the waist down.

The declaration contains three counts, the first of which charges that on October 23, 1932, the railroad corporation owned, possessed, operated and used a certain steam railroad, passing and extending through the county of Logan and through the village of Middletown in said county northward; that there was situated immediately east of and adjoining the right of way of said railroad a certain public highway called the Middletown-Lincoln State Aid Road, which was extensively traveled; that about one and one-half miles north of the village of Middletown said railroad maintained a certain farm crossing, extending east from said public highway over the right of way of said railroad to certain lands used for farming purposes; that

said railroad carelessly and negligently caused and permitted large quantities of weeds, high grass and brush to grow upon its right of way which were of the height of 10 feet above the level of the roadway, and the vision of persons traveling and passing along said highway was obstructed and such persons prevented from seeing or viewing motor vehicles traveling upon and across said farm crossing to the said public highway; that on the day aforesaid the plaintiff was riding in a certain motor vehicle driven by one Ananias Sparks northward upon said public highway and was then and there in the exercise of due care and caution for his own safety, and that while so riding and traveling northward one Lafayette Boyer was then and there traveling in and driving a motor vehicle upon said farm crossing westward to the public highway, and that the motor vehicle in which said Boyer was riding was driven by him onto said public highway and by reason of the negligence of said defendant railroad company it was impossible for said Boyer to see and know of the approach of said motor vehicle in which the plaintiff was traveling, and also impossible for the plaintiff to see and know of the approach to said highway of said motor vehicle driven by said Boyer; that by reason of the premises and negligence of said defendant, in the manner aforesaid, the said motor vehicle in which the plaintiff was riding came into collision with the motor vehicle so driven westward into said public highway by said Boyer, with great force and violence, and by reason thereof the plaintiff was then and there thrown upon and against the inside of said motor vehicle and thrown from the inside of said motor vehicle upon the ground and was then and there greatly bruised and wounded, etc.

The second count is similar to the first except that it charges that the defendant carelessly and negligently, in violation of the statute in such case made and pro-

vided, refused and neglected to dig up and destroy or take other means of exterminating the divers noxious weeds, including horseweeds, burdock, morning glories and other noxious weeds which were then and there growing upon said right of way land of said railroad, and that by reason thereof said collision occurred and plaintiff was injured.

The third count is similar to the first except that it charges that the railroad company carelessly and negligently, in violation of the statute in such case made and provided, failed, neglected and refused to keep its right of way clear from dead grass, dry weeds and other dangerous combustible matter, and that by reason thereof the accident occurred and the plaintiff was injured.

The foregoing statement of the case sets forth the pertinent facts as disclosed by the record, and it will therefore be unnecessary to review the evidence.

Upon a trial of said cause the jury brought in a verdict against the defendant for $8,500, and a motion for new trial was overruled and judgment entered upon said verdict from which this appeal was perfected. At the close of plaintiff's case and again at the close of all of the evidence, defendant asked for an instructed verdict which was refused by the court.

The errors assigned and argued are that the court should have granted the motion of defendant for an instructed verdict; that the court erred in the giving and refusing of instructions and in the admission and exclusion of evidence.

The first question presented by the record and argued by counsel is as to whether the negligence alleged was the proximate cause of the injury to the plaintiff.

Appellant contends that the court erred in refusing to give the peremptory instruction to find it not guilty, and argues the question as to whether the negligence

charged was the proximate cause of the injury to the plaintiff.

When there is any evidence fairly tending to show the negligence charged is the proximate cause of the injury, that question is one of fact for the jury; but whether there is any such evidence is a question of law which is raised by the motion for a directed verdict. *Jenkins v. La Salle County Carbon Coal Co.,* 264 Ill. 238.

It is agreed that there has been practically no difference of opinion as to what the rules are for determining whether a negligent act or an omission is the proximate cause of an injury, and they have been stated in numerous decisions by our courts.

A negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. The question is not determined by the existence or non-existence of intervening events, but their character and natural connection between the original act or omission and the injurious consequences. To constitute the proximate cause the injury must be of such a character as an ordinarily prudent person ought to have. foreseen might probably occur as a result of the negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the condition is not the proximate cause of the injury. The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under

the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury. *Seith v. Commonwealth Elec. Co.*, 241 Ill. 252; *Jenkins v. La Salle County Carbon Coal Co., supra*.

The immediate cause of appellee's injury was the negligence of Lafayette Boyer in driving onto the State Aid Road without stopping or attempting to ascertain whether any cars were approaching from either direction.

The legal rights of appellant are the same as any other landowner with reference to keeping its lands free and clear of weeds, brush and other growths, except as to its statutory duty to dig up and destroy Canada thistles, and other noxious weeds growing thereon, and also to keep its right of way clear from dead grass, dry weeds and other combustible material.

Neither the railroad company nor the owners of other lands bordering along this State Aid Road owed any duty to persons using said highway to keep their lands free and clear of horseweeds, rosinweeds and brush in order that the view of such persons might not be obstructed, and that they might be able to see cars approaching along intersecting highways.

The kind of weeds and brush which it is charged in the declaration the defendant railroad company permitted to grow upon its right of way does not come within the prohibition of either of the statutes in question.

The Alton Railroad, because it permitted the growth of horseweeds, rosinweeds and brush on its right of way, could not reasonably have anticipated that the driver of an automobile approaching such State Aid Road along this private lane would drive onto said highway without stopping or trying to ascertain whether any cars were approaching such intersection and thus cause injury to persons traveling thereon,

nor by the exercise of reasonable diligence could have foreseen that such an accident might occur, and its duty to have foreseen and anticipated such intervening cause as a natural and probable consequence of permitting such growth of weeds and brush upon its right of way would in no way be different than the duty of any other landowner who permitted weeds or allowed corn or other crops to grow upon its lands adjoining the right of way of such State Aid Road to such a height as to obscure the vision of persons driving along such highway, and as to such other landowners because of the height of the corn growing on their lands or the height of weeds permitted to grow there, it can hardly be contended that by the exercise of reasonable diligence such owners could have foreseen that an accident might happen to those using such highway on account of such crops and weeds obscuring the vision of such person and that therefore such owners must answer in damages for the injuries caused.

We are of opinion that the negligence charged in the declaration was not the proximate cause of the injury to plaintiff.

The court erred in not directing a verdict for the defendant, and the judgment of the circuit court is therefore reversed.

*Reversed.*