Michael Kubala, as Administrator of Estate of Clarence Kubala, Deceased, Plaintiff-Appellant, v. Marshall J. Dudlow et al., Defendants. Marshall J. Dudlow and Lena L. Dudlow, Defendants-Appellees.

Gen. No. 10,161.

Third District.

May 21, 1958.

Released for publication June 7, 1958.

Philip C. Zimmerly, of Champaign, for appellant.

C. E. Tate, of Champaign, for appellees.

JUDGE ROETH delivered the opinion of the court.

This action was brought by the plaintiff as administrator against defendants Marshall Dudlow, Lena L. Dudlow, hereinafter called appellees, and Dale Morris for the death of plaintiff's decedent on November 20, 1955. The complaint was dismissed by the lower court as against Marshall and Lena Dudlow and plaintiff elected to stand on the complaint and judgment was subsequently entered. From the lower court's ruling plaintiff appeals.

The complaint contains one count and alleges in substance that plaintiff's decedent met his death while a passenger in an automobile driven by Morris and that the said Morris was guilty of willful and wanton misconduct in the operation of his automobile, which conduct caused said automobile to leave the paved portion of the highway at a curve and strike into concrete abutments on the property owned by appellees. Plaintiff's theory, insofar as appellees are concerned, is that the placing and maintaining of these abutments by appellees on their land close to the highway without proper warning devises, warning of the presence of the same was willful and wanton misconduct. Appellees filed a "motion to strike and dismiss" on the ground that the complaint failed to set forth a cause of action. On August 13, 1957, the lower court allowed the motion to strike and dismiss. On September 20, 1957, plaintiff filed a notice of appeal from the order of August 13, 1957. On October 31, 1957, the court, after acknowledgment that plaintiff elects to stand on his complaint, entered a judgment against plaintiff in favor of appellees in bar of plaintiff's action. On November 1, 1957, plaintiff filed an amendment to his

notice of appeal stating that he further appeals from the judgment of October 31, 1957, and prays that the Appellate Court reverse said judgment.

Appellees contend the appeal should be dismissed on the ground that the order of August 13, 1957, from which the appeal was taken, is not an appealable order and the subsequent amendment to notice of appeal cannot by law include the judgment of October 31, 1957. They insist that while amendments to notice of appeal are permitted they relate back to the time of the filing of the original notice of appeal and cannot include any order or judgment made after the filing of the original notice of appeal.

Appellees' contention that the order allowing the motion to strike and dismiss the complaint was not a final appealable order is correct. This being true, it is apparent that prior to November 1, 1957, the date plaintiff filed his amendment to the notice of appeal, this court was without jurisdiction to make a determination of his cause and until November 1 the lower court retained jurisdiction to enter any and all orders presented.

Rule 33 (5) of the Supreme Court states that all amendments to the notice of appeal shall be filed in the Trial Court if the record on appeal has not been transmitted to the Appellate Court. In addition to what has been said above, it is clear that the Trial Court by Rule 33 (5) retains certain rights even after the filing of the notice of appeal. In Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill. 106, 45 N.E.2d 20, the court on motion of defendant ordered the complaint stricken and plaintiff to pay the costs on October 2. The next order entered by the court was on November 10 on motion of the defendant to dismiss the suit and the court ordered the suit dismissed. On January 5 following, plaintiff filed his notice of ap-

466

peal and alleged he was appealing from the order dismissing the suit for want of equity and charging costs to plaintiff. The Supreme Court in that case held that the notice of appeal is sufficient to show that the appeal is from both the ruling on the motion to strike and from the final order dismissing the suit.

■ This being so, it is manifest that the notice of appeal and the amendment of the notice of appeal in this case is sufficient to show that the appeal is from both the ruling on the motion to strike and from the final order entering judgment in favor of appellees. While the notice of appeal filed September 20, 1957, was in fact abortive, it was a part of the record and the amendment to the notice of appeal incorporated the original notice. It must be remembered that the original notice failed to give this court jurisdiction over the matter since no final judgment had been entered. The lower court retained jurisdiction and the time in which an appeal could be perfected on notice of appeal did not commence to run until the order of October 31, 1957. The notice of appeal and the amended notice of appeal did advise appellees of the appeal and appellees were not prejudiced. Under the facts in this case we believe there was sufficient compliance with Rule 33 of the Supreme Court, for the amendment to notice of appeal incorporated all matters necessary by reference to the notice of appeal filed on September 20 and the words "amendment to" as appearing in the caption and throughout the amendment to the notice of appeal can be treated as surplusage.

■ In considering whether or not the complaint alleges a cause of action against the appellees it must be borne in mind that all matters well pleaded are admitted by appellees' motion. Whether plaintiff would be able to establish these facts by proof is not before us for consideration. Comments made in both briefs

467

relating to why the barricades were present and other conditions not appearing in the complaint have been disregarded.

The complaint alleges in substance that the appellees owned land fronting and abutting on the right-of-way of highway 150 at a point where the highway makes a sharp turn; that the appellees erected and maintained a row of concrete posts or guards, two feet by three feet by one foot in dimension, which were painted but not illuminated or reflectorized; that there were no markings to indicate the curve in the road or to warn of the posts; that the posts were capable of injury and had on many occasions injured travelers unintentionally deviating from said highway, unable to traverse said curve, and alleges the posts were, because of their location and condition, a nuisance; that the appellees knew of the posts and location near the road. The complaint then charges the driver of the car, defendant Dale Morris, with willful and wanton misconduct in the operation of the automobile. As against the appellees, the complaint charges that they were guilty of willful and wanton misconduct, committed or omitted with conscious indifference to the existing circumstances and conditions; that they willfully constructed said posts knowing they were so close to the highway that users would necessarily strike them if unintentionally deviating from the road; that they willfully maintained said posts after they had actual knowledge that their location with reference to the public right-of-way had caused injuries to travelers unintentionally deviating from the right-of-way; that the appellees knew that the continued maintenance of said posts would cause motorists to be injured who unintentionally deviated from the road; that they failed to reflectorize or illuminate the same and failed to give notice of their existence to motorists; that they knowingly permitted a dangerous condition to remain after

468

actual knowledge that it had caused injuries and that they were so located as to be a public nuisance and they knowingly omitted to remove the posts.

■ The general rule of law applicable to a situation of this kind is stated in Restatement, 2 Torts, Sec. 368 as follows:

"A possessor of land who creates or maintains thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact therewith while travelling with reasonable care upon the highway, is subject to liability for bodily harm thereby caused to them."

Cases applying this general rule are collected in 159 A. L. R. 136.

■■ While a number of points are set out in appellees' brief, they may all be condensed into the single contention that the conduct of the appellees as alleged in the complaint did nothing more than to furnish a condition by which the injury was made possible. This is tantamount to contending that the complaint shows upon its face that the acts of the appellees were not the proximate cause of the injury to the plaintiff. As a general rule, the question of proximate cause is a fact question for the jury. We recognize, and under the holding in Hebel v. Hinsdale Sanitarium and Hospital, 2 Ill.App.2d 527, 119 N.E.2d 506, where there is a motion to strike a complaint the facts well pleaded are admitted to be true and it then becomes a question of law whether the facts as alleged and well pleaded, taken as true, state a good cause of action with respect to the question of proximate cause. We have carefully examined the complaint in this case and are of the opinion that the complaint brings this cause of action within the application of the general rule above noted. Many of the cases in the A. L. R. annotation above have

469

been examined. While the facts vary from case to case, the principle involved is well established and the facts pleaded in the complaint at bar are sufficient to bring this complaint within the application of the principle enunciated.

It is therefore our opinion that the complaint in this case was sufficient as against the motion to strike and that the lower court committed error in sustaining the motion to strike and entering judgment against the plaintiff. Accordingly the judgment of the Circuit Court is reversed and the cause is remanded with directions to overrule appellees' motion to strike and dismiss and to require an answer.

Reversed and remanded with directions.

CARROLL, P. J. and REYNOLDS, J., concur.