662

JOSEPH ZIEMBA, Plaintiff-Appellant, v. KEITH MIERZWA, Defendant-Appellee (James F. Bowles *et al.*, Defendants).

Second District   No. 2—89—0425

Opinion filed February 2, 1990.

DUNN, J., dissenting.

Barry A. Pitler, Mark L. Spiegel, and Michael R. Booden, all of Pitler & Mandell, of Chicago, for appellant.

Glen E. Amundsen and Dennis J. Cotter, both of Querrey & Harrow, Ltd., of Waukegan, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Joseph Ziemba, appeals the trial court's order dismissing with prejudice count III of plaintiff's first amended complaint for failure to state a cause of action against defendant, Keith Mierzwa, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). On appeal, plaintiff contends that defendant, a landowner whose property abuts a public highway, owed a duty to plaintiff, a traveler on the public highway, to maintain defendant's property in a reasonably safe condition or to warn plaintiff of hazards on defendant's property. Plaintiff specifically alleges that defendant's driveway was obscured and hidden by overgrown foliage and, as such, constituted a hazard to plaintiff; thus, plaintiff asserts that defendant had an affirmative duty to warn plaintiff of the driveway's existence.

■■ ■ Defendant moved to dismiss plaintiff's negligence claim against him on the basis that he did not owe a duty to plaintiff. A motion filed pursuant to section 2—615 admits all well-pleaded facts and attacks only the legal sufficiency of the complaint and should be granted only when it appears that no set of facts may be proved to sustain the plaintiff's complaint. (*First National Bank v. Brumleve & Dabbs* (1989), 183 Ill. App. 3d 987, 992.) In determining the propriety of a trial court's dismissal pursuant to section 2—615, the appellate court must view the pleadings and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant. (See *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286.) Thus, defendant is entitled to the dismissal of plaintiff's complaint against him if plaintiff cannot prove any set of facts supporting his negligence claim.

■■■ In order to state a cause of action based on negligence, a plaintiff must allege sufficient facts to establish each of the necessary elements of negligence: plaintiff must allege the existence of a duty, a breach of that duty, and plaintiff's injuries resulting from such breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525.) A threshhold consideration is whether a duty existed, as the existence of a duty is elemental to any recovery based on negligence. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 116.) Further, we have recently noted, "[i]t is not sufficient that the plaintiff's complaint merely alleges that a duty exists; the plaintiff must state facts from which the law will raise a duty. *** The issue of

whether there is a duty is broad in its implication, whereas the issue of whether there was negligence is confined to the particular case." (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 82.) Duty may be characterized as one individual's obligation to conform to a prescribed standard of conduct for the protection of another individual against an unreasonable risk of harm. (See *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26.) Whether the facts presented in a particular situation establish a relationship between two individuals such that the law will impose a duty upon one for the other's benefit is an issue of law to be determined by the court. (*Kirk*, 117 Ill. 2d at 525; *Barnes*, 56 Ill. 2d at 26.) If a plaintiff fails to establish the existence of a duty, he may not recover against a defendant as a matter of law. *Swett*, 169 Ill. App. 3d at 82.

█▌ █ Whether the law imposes a duty on one individual for the protection and benefit of another depends upon and requires judicial consideration of a number of factors including legal and social policies. (*Thornburg v. Crystal Lake Park District* (1988) 171 Ill. App. 3d 329, 333.) Our supreme court has stated:

> "It is apparent that the concept of duty in negligence cases is very involved, complex and indeed nebulous. The term is so ill-defined and its boundaries so indistinct that one commentator has observed: 'There is a duty if the court says there is a duty.' And [the commentator] concluded that the court's pronouncement often reflects the policy and social requirements of the time and community." (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 545, quoting Prosser, *Palsgraf Revisited*, 52 Mich. L. Rev. 1, 15 (1953).)

In determining whether a duty exists, the court must consider the foreseeability of the harm complained of, that is, whether it is foreseeable that a defendant's conduct will result in harm to another; further, the court must consider the likelihood of the injury occurring, the magnitude of imposing the burden on a defendant to guard against such injury and the consequences of imposing this burden. (*Kirk*, 117 Ill. 2d at 526; see also *Lance v. Senior* (1967), 36 Ill. 2d 516, 518.) As we have previously observed, the determination of the existence of a duty is broad in its implication and reflects the aggregate of policy considerations which lead the court to declare that a particular plaintiff is entitled to protection. *Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 662-63.

In the instant cause, plaintiff has alleged that he was riding a bicycle on Riverdale Road just north of its intersection with Oakleaf in the City of McHenry, Illinois, on September 5, 1985, when he was

struck and injured by a dump truck exiting a driveway located on defendant's property. Plaintiff alleges that defendant permitted vehicles to enter and exit his property at this driveway, which was unmarked and not visible to persons traveling on Riverdale Road. Plaintiff further alleges that defendant's driveway was obscured by foliage which was growing on defendant's property. Plaintiff concludes that defendant owed plaintiff a duty to use reasonable care in the conduct of activities on his property so as not to cause damage or injury to persons on the adjacent roadway and asserts that defendant was negligent by allowing vehicles to enter and exit his property without warning or notice to persons on the adjacent roadway when he knew or should have known that the driveway was obscured to persons traveling on the roadway. Defendant, relying upon a recent opinion of this court, *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, responds that he owes no duty to persons operating vehicles on the adjacent roadway with regard to the existence of foliage and a driveway on his property. The trial court accepted defendant's assertions and granted defendant's motion to dismiss count III of plaintiff's first amended complaint with prejudice, based upon the court's finding that plaintiff's complaint was substantially insufficient and failed to state a cause of action as a matter of law. Plaintiff's timely appeal ensued.

■■ ■ On appeal, plaintiff contends that defendant's driveway, because it was hidden and not visible to travelers on the adjacent highway, posed an unreasonable risk of injury to such travelers, thus imposing a duty on defendant to remedy the situation by warning travelers of the unsafe condition. Plaintiff's contention relies upon the landowner's duty as stated in section 368 of the Restatement (Second) of Torts, which provides:

"A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who

(a) are traveling on the highway, or

(b) foreseeably deviate from it in the ordinary course of travel." (Restatement (Second) of Torts §368, at 268 (1965).)

As plaintiff correctly observes, section 368 has guided Illinois courts in their consideration of landowners' duties toward travelers on adjacent highways in many previous cases. (See *Battisfore v. Moraites* (1989), 186 Ill. App. 3d 180, 188, citing *Kavanaugh v. Midwest Club,*

*Inc.* (1987), 164 Ill. App. 3d 213; *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335; *Hoffman v. Vernon Township* (1981), 97 Ill. App. 3d 721; *West v. Faurbo* (1978), 66 Ill. App. 3d 815; see also *Kubala v. Dudlow* (1958), 17 Ill. App. 2d 463; *Lemings v. Collinsville School District No. 10* (1983), 118 Ill. App. 3d 363, 378 (Jones, J., specially concurring).) In all but the last case cited above, the appellate court considered and applied subsection (b) of section 368 in its review of factual situations in which the injured plaintiff left the roadway for a variety of reasons and sustained injuries after striking a pole, concrete abutment or other object on defendant's land or placed by defendant off the roadway. The fact that the appellate court has been presented with few opportunities to consider and apply subsection (a) of section 368 in no way affects our deference and respect for this statement of the law. Furthermore, it is well established in Illinois that the owner or occupier of land abutting a public way has a nondelegable duty to passersby to maintain his property in a safe condition. (*Donovan v. Raschke* (1969), 106 Ill. App. 2d 366 (duty to keep sidewalk abutting on owner's property free of conditions hazardous to persons lawfully on the street); *Andronick v. Daniszewski* (1932), 268 Ill. App. 543; *Girdzus v. Van Etten* (1918), 211 Ill. App. 524; *Beninghoff v. Futterer* (1913), 176 Ill. App. 579.) As the *Andronick* court observed:

" '[T]he law imposes upon such occupier a very positive duty to those using the highway upon which the building abuts, to use the care requisite, according to the circumstances, to guard them against injury resulting from the condition of the premises, or from what is being done in or about the same, by the direction or permission, or for the convenience and benefit, of the occupier. In cases like the present, the exigence of such duty is not affected by the fact that the faulty conditions, from which resulted the damage complained of, were due to the negligence of an independent contractor in operating under the contract. This duty is peculiar to the situation, and is as just as it is severe. It places the responsibility for what happens on such premises on the occupier who is in control of the same, and protects those of the public who, in the use of the highway along such premises, lawfully come within dangers originating thereon. Of such dangers, the casual user of a sidewalk is generally unwarned, and the matters from which they arise are specially within the knowledge, or should be within the knowledge, of the occupier.' " *Andronick*, 268 Ill. App. at 549, quoting *Jacob Doll & Sons, Inc. v. Ribetti* (3d Cir. 1913), 203 F. 593, 595.

■■ Although it is clear, as a general proposition, that a landowner whose property abuts a public way owes a duty of care concerning the condition of his property to persons traveling on the public way, we must determine whether the instant defendant owed a duty to the instant plaintiff under the facts presented by this appeal. Under the circumstances, we believe that defendant owed plaintiff the duty to warn of the existence of his driveway. We arrive at this determination based upon our conclusions that the foreseeability of a bicyclist colliding with a motorist suddenly exiting defendant's hidden driveway is extremely high. Furthermore, the likelihood of injuries resulting from such a collision is also extremely high. The burden upon defendant to remedy this situation, obtaining and posting a sign warning of the existence of the driveway, is minimal. Furthermore, the consequences of requiring such warnings will not result in the chaos envisioned by defendant in his appellate brief ("every tree and shrubbery-laden neighborhood would become a sea of warning signs, flashing yellow lights and reflectors") because not every tree and shrub requires such a warning. The trouble to which a landowner with a hidden driveway must go to post such a sign and the slight aesthetic impact of such signs on the neighborhood is insignificant when compared to the risk of serious injury to plaintiff and other bicyclists, pedestrians and motorists passing defendant's property.

Further, we believe there is a policy against allowing private landowners to create and/or maintain hidden hazards along the roadway so as to transform the road into an obstacle path for persons lawfully using it. As Justice Jones noted in his special concurrence in *Lemings*, "[t]hese policy matters are expressed in section 368 of the Restatement (Second) of Torts, and accordingly there is no question that the defendant here was under a duty to this plaintiff as imposed by law." *Lemings*, 118 Ill. App. 3d at 383 (Jones, J., specially concurring).

Although defendant strenuously denies that he owes any duty of any kind to plaintiff, the cases upon which he relies are clearly distinguishable both factually and legally from the instant cause. In *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, we held that a defendant landowner owed no duty to motorists to remove or trim hedges, a natural condition located on defendant's property which interfered with motorists' ability to see other motorists on the intersecting roadway, when the intersection itself was clearly visible and controlled by traffic signs. A similar factual situation was presented in *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, with similar results. Defendant also relies upon *Abernathy v. Dynell Springs Co.* (1989), 179 Ill. App. 3d 138, in which the appellate court found no

duty on defendant landowner to remove a stone wall located approximately 13 feet from the curb. We further note that in *Abernathy* the plaintiff admitted he saw defendant exiting the driveway from a distance of approximately 100 feet. In each of these cases, the intersection where the collision took place was clearly visible to the plaintiff prior to the collision; the hedges, trees or stone walls upon which each plaintiff's complaint relied in no way obstructed or interfered with the plaintiff's view of the intersection, and this fact figures prominently in the holding of each of these cases. *Pyne, Esworthy*, and *Abernathy* are easily distinguishable from the facts presented in the instant matter, where the location of plaintiff's collision, Riverdale Road's intersection with defendant's unmarked driveway, was not visible to plaintiff at any time. Thus, *Pyne* and the other cases are clearly not controlling.

■■■ We reject defendant's additional contentions regarding plaintiff's duty to exercise care in the operation of his bicycle on a public highway, to travel at a reasonable speed and to sound a horn as a warning, all of which presuppose that plaintiff saw defendant's driveway and the truck exiting it in advance of the collision, a fact not contained in the record on appeal. Furthermore, defendant's duty is in no way obviated by any requirements the law may impose on plaintiff's conduct.

In view of the foregoing, we conclude that count III of plaintiff's first amended complaint sufficiently states a cause of action in negligence against defendant and was improperly dismissed. Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

UNVERZAGT, P.J., concurs.

JUSTICE DUNN, dissenting:

I respectfully disagree with the majority's conclusion that defendant had a duty to warn motorists, bicyclists, and pedestrians of the existence of his driveway, or to remove foliage blocking their view of the driveway. As a preliminary matter, while I share the majority's respect for section 368 of the Restatement (Second) of Torts, it is not applicable to this case. By its own terms, section 368 subjects a landowner to liability if he or she creates or allows to remain thereon an excavation or other artificial condition so close to a highway that he or she "realizes or should realize that it involves an unreasonable risk

to others *accidentally brought into contact* with such conditions while traveling with reasonable care upon the highway." (Emphasis added.) Restatement (Second) of Torts §368, at 268 (1965).

In light of the above language, it is not surprising that each Illinois case applying section 368 cited by the majority involved a situation in which the plaintiff accidentally came into contact with the complained-of condition on the defendant's property, such as a utility pole (*Boylan v. Martindale* (1982), 103 Ill. App. 3d 335; *Hoffman v. Vernon Township* (1981), 97 Ill. App. 3d 721), cement pillars (*Battisfore v. Moraites* (1989), 186 Ill. App. 3d 180), a retention pond (*Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213), a concrete block (*West v. Faurbo* (1978), 66 Ill. App. 3d 815), and concrete abutments (*Kubala v. Dudlow* (1958), 17 Ill. App. 2d 463). In the case at bar, plaintiff complains of the hidden driveway and the foliage which allegedly prevented him from seeing the driveway. Plaintiff did not come into contact with either of these conditions; he collided with a truck pulling out of the driveway. Section 368 is therefore inapplicable, and the majority's reliance upon this provision is clearly misplaced.

Furthermore, in my opinion, the majority's attempt to distinguish *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, is not persuasive. In *Pyne*, this court stated as follows:

"Based on the foregoing, we conclude, in the absence of a statutory directive to the contrary, that there is no duty in Illinois on a landowner to remove foliage on his property so that motorists approaching an intersection can see other intersecting motorists. Considering the burden such a duty would impose on private property owners, we leave the imposition of such duty to the legislature." (*Pyne*, 159 Ill. App. 3d at 262.)

Similarly, in *McLaughlin v. Alton R.R.* (1935), 278 Ill. App. 551, the court concluded defendant had no duty to users of an adjoining road to clear its land of weeds and brush allegedly obstructing their view of an intersecting road. *McLaughlin*, 278 Ill. App. at 557.

The majority, in imposing a duty under the circumstances of this case, relies largely upon the danger of serious injury when vehicles pulling out of driveways are involved in collisions. The majority apparently feels that the danger under these circumstances is more serious than in *Pyne* because the intersection was visible in *Pyne*, although the hedges obstructed the motorist's view of cars coming through the intersection. In the instant case, according to the allegations of the complaint, the foliage blocked plaintiff's view of the driveway itself.

I believe, however, that the danger of collisions in intersections is

a more serious danger because vehicles generally proceed through intersections at much greater speeds than vehicles pulling out of driveways. Therefore, I do not feel the factual distinctions between this case and *Pyne* justify the imposition of a duty upon defendant in this case, when no such duty was imposed in *Pyne*. The courts in *Pyne* and *McLaughlin* concluded that the duty to use due care to prevent accidents at intersections rests with the motorists passing through the intersections, not with adjoining landowners. Similarly, in the present case, the duty to use due care to prevent accidents should rest with the driver pulling out of the driveway, not with the owner of the land containing the driveway.

The majority believes "there is a policy against allowing private landowners to create and/or maintain hidden hazards along the roadway so as to transform the road into an obstacle path for persons lawfully using it." (193 Ill. App. 3d at 668.) Under circumstances such as those present in this case, however, I believe that drivers who carelessly pull out of driveways create the hazards, not landowners who merely allow foliage to grow near their driveways. Since I believe the trial court correctly determined that defendant had no duty to warn plaintiff of the existence of his driveway or to remove the foliage allegedly obstructing plaintiff's view of the driveway, I respectfully dissent from the majority's conclusion to the contrary.