(No. 69949.—

JOSEPH ZIEMBA, Appellee, v. KEITH MIERZWA *et al.* (Keith Mierzwa, Appellant).

*Opinion filed January 31, 1991.*

44

BILANDIC, HEIPLE and FREEMAN, JJ., took no part.

Michael Resis and Glen E. Amundsen, of Querrey & Harrow, Ltd., of Chicago, for appellant.

Pitler & Mandell, of Chicago (Mark L. Spiegel and

Michael R. Booden, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

The issue presented in this case is whether a landowner has a duty to maintain his property in such a manner that his driveway is visible to travelers on an adjacent roadway. We hold that there is no such duty.

On August 9, 1988, plaintiff, Joseph Ziemba, filed a four-count amended complaint in the circuit court of McHenry County. Plaintiff was seeking damages for personal injuries he suffered when the bike he was riding collided with a dump truck exiting a driveway owned by defendant, Keith Mierzwa. Count III of the amended complaint sought recovery from defendant for negligence based on the condition of his land. Upon defendant's motion for dismissal (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), the trial court dismissed count III for failure to state a cause of action. Pursuant to plaintiff's interlocutory appeal, the appellate court reversed the trial court's order dismissing count III of plaintiff's amended complaint. (193 Ill. App. 3d 662.) We granted defendant's petition for leave to appeal (107 Ill. 2d R. 315).

To state a cause of action for negligence, a complaint must allege facts sufficient to show the existence of a duty, a breach of that duty, and an injury to the plaintiff which is proximately caused by that breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525.) In count III of his amended complaint, plaintiff alleged the following facts. On September 5, 1985, plaintiff was riding his bike on Riverdale Road approximately one-quarter mile north of Oakleaf in McHenry County, Illinois. Defendant owned property abutting Riverdale Road at this location. Defendant's property included an unmarked driveway which was not visible to persons traveling on Riverdale Road due to foliage growing on defendant's property. As plaintiff was

riding his bike, a dump truck driven by a codefendant exited defendant's driveway onto Riverdale Road and struck plaintiff.

Plaintiff claimed that defendant owed plaintiff a duty to exercise "reasonable care in the conduct of activities on his property, so as not to cause damage or injury to persons on the adjacent roadway." Plaintiff further alleged that defendant breached this duty by:

"A. Allowing vehicles to ingress and egress his property without notice or warning to persons on the adjacent roadway;

B. Permitting ingress and egress to and from his property without marking the point of ingress and egress in a manner visible to persons on the adjacent roadway;

C. Allowing ingress and egress to and from his property at a point which Defendant knew or should have known was obscured to persons on the adjacent roadway by foliage on his property;

D. Permitting foliage on his property to obscure the point of ingress and egress to and from said property from persons on the adjacent roadway;

E. Allowing foliage on his property to extend into the public roadway and obstruct the vision of persons traveling thereon as to vehicles egressing Defendant's property;

F. Failing to warn persons on the roadway adjacent to Defendant's property of the dangerous condition existing thereon; and

G. Other acts of careless and negligent conduct."

Plaintiff also alleged that he was injured as a proximate result of one or more of the above breaches by defendant.

Because we are reviewing the trial court's decision to dismiss a cause of action under section 2—615 of the Code of Civil Procedure, we must determine whether the complaint, when viewed in the light most favorable to the plaintiff, alleges facts sufficient to establish a cause of action upon which relief may be granted. (*Burdinie v.*

*Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05.) In making this determination, we must take all well-pleaded facts in the challenged pleading as true (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286), while conclusions of law contained in the challenged pleading will not be taken as true, unless supported by specific factual allegations. *Burdinie*, 139 Ill. 2d at 505.

In his section 2—615 motion, defendant claimed that he did not owe a duty to plaintiff, and therefore the complaint failed to state a cause of action upon which relief could be granted. Whether a duty exists is a question of law, and depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 541.) In considering whether a duty exists in a particular case, a court must weigh the foreseeability that defendant's conduct will result in injury to another and the likelihood of an injury occurring, against the burden to defendant of imposing a duty, and the consequences of imposing this burden. *Lance v. Senior* (1967), 36 Ill. 2d 516, 518.

In the present case, the appellate court found that "the foreseeability of a bicyclist colliding with a motorist suddenly exiting defendant's hidden driveway is extremely high," as is the likelihood that such a collision will cause injury. (193 Ill. App. 3d at 668.) With respect to the burden and consequences of imposing a duty, the appellate court stated:

> "The burden upon defendant to remedy this situation, obtaining and posting a sign warning of the existence of the driveway, is minimal. *** The trouble to which a landowner with a hidden driveway must go to post [a warning] sign and the slight aesthetic impact of such signs on the neighborhood is insignificant when compared to the

risk of serious injury to plaintiff and [others traveling on the adjoining road]." (193 Ill. App. 3d at 668.)

Based on this analysis of the benefits and burdens of imposing a duty, the appellate court, with one justice dissenting, held defendant had a duty to warn of the existence of his driveway. (193 Ill. App. 3d at 668.) We reverse that decision.

As previously stated, whether a duty exists will depend in large part upon the relationship between the parties. In this case, plaintiff never entered defendant's property, nor did he come into contact with any condition on defendant's land. Even though the accident occurred entirely on Riverdale Road, plaintiff seeks to impose a duty on defendant to guard against this type of accident, based upon the relationship between a traveler on a public highway and the owner of land adjacent to that highway.

As the appellate court noted, section 368 of the Restatement (Second) of Torts "has guided Illinois courts in their consideration of landowners' duties toward travelers on adjacent highways." (193 Ill. App. 3d at 666.) Section 368 provides:

> "A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
>
> (a) are traveling on the highway, or
>
> (b) foreseeably deviate from it in the ordinary course of travel." (Restatement (Second) of Torts §368, at 268 (1965).)

Section 368 presents the well-established common law rule that a landowner's only duty towards travelers on an adjacent highway is to keep his land free from conditions which are unreasonably dangerous to such trav-

elers who may come into contact with the condition. Because plaintiff never came into contact with any condition on defendant's property, a literal interpretation of section 368 does not support a finding of duty in this case. Nonetheless, since section 368 merely provides guidance, and is not controlling, we will consider whether the condition of defendant's driveway and foliage was unreasonably dangerous to plaintiff despite this lack of contact.

To determine if defendant's land was unreasonably dangerous to plaintiff, we must first consider whether it was reasonably foreseeable that the condition of defendant's land would result in this type of accident. The appellate court found that it was highly foreseeable that this type of accident would occur as a result of a vehicle's "suddenly exiting defendant's hidden driveway." (193 Ill. App. 3d at 668.) But this statement addresses the foreseeability of the driver's actions resulting in an injury rather than the foreseeability of an injury resulting from the condition of the land. We note that *any time* a vehicle exits a driveway suddenly and without warning, it is highly foreseeable that an accident might occur. This is true whether the driveway is hidden or conspicuous. The critical inquiry is whether it was reasonably foreseeable that this type of accident would occur as a natural and probable result of foliage obscuring defendant's driveway from the vision of travelers on Riverdale Road.

When determining whether the complained-of accident was a reasonably foreseeable result of the condition on defendant's land, it is important to note that the condition alone was not dangerous. For example, the foliage and driveway were not comparable to concrete abutments placed near the edge of a highway. (See, *e.g., Kubala v. Dudlow* (1958), 17 Ill. App. 2d 463.) The foliage and driveway became dangerous, if at all, only by the

addition of a vehicle exiting onto Riverdale Road. Elsewhere in his complaint, plaintiff alleges that the driver of the truck was negligent in that he exited the driveway without warning, and without yielding the right of way to traffic on Riverdale Road. Although plaintiff does not cite to any statute, these factual allegations amount to a violation of the driver's statutorily imposed standard of care. (See Ill. Rev. Stat. 1987, ch. 95½, pars. 11—906, 11—1205.) Further, plaintiff did not allege that the foliage prevented the driver from seeing oncoming traffic on Riverdale Road. Thus, viewing the facts in the light most favorable to plaintiff, the conditions on defendant's land only posed a danger to plaintiff by operation of the driver's intervening negligent act. Because the condition was not dangerous, absent this negligent act of the driver, the accident is a reasonably foreseeable result of the condition on defendant's land, only if it was reasonably foreseeable that the driver would violate his statutory duties when pulling out of defendant's driveway.

When faced with similar factual circumstances, our appellate court has held that it is not reasonably foreseeable that conditions which obstruct the vision of travelers on adjacent highways will result in an injury to those travelers. For example, in *McLaughlin v. Alton R.R.* (1935), 278 Ill. App. 551, the court stated, "[defendant], because it permitted the growth of [foliage] on its right of way, could not reasonably have anticipated that the driver of an automobile approaching [a public highway] along this private lane would drive onto said highway without stopping or trying to ascertain whether any cars were approaching such intersection and thus cause injury to persons traveling thereon ***." (*McLaughlin*, 278 Ill. App. at 557.) Similarly, in *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, the court held "as a matter of law, the [defendant] city could not have reasonably foreseen the intervening cause as a natural

and probable result of its own alleged negligent omission of failing to keep the areas adjacent to the intersection free of trees and bushes." *Boylan,* 103 Ill. App. 3d at 343.

Although not expressly addressing the foreseeability question, other panels of the appellate court have relied on the above-cited opinions in holding that landowners do not owe a duty to maintain their property in such a way that it does not obstruct the view of travelers on an adjacent highway. (See, *e.g., Abernathy v. Dynell Springs Co.* (1989), 179 Ill. App. 3d 138; *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876; *Pyne v. Witmer* (1989), 159 Ill. App. 3d 254, *aff'd on other grounds* (1989), 129 Ill. 2d 351.) The appellate court below distinguished these cases based on the fact that, in those cases, the intersections were visible to travelers on the highway, whereas in this case the driveway was not visible from Riverdale Road. (193 Ill. App. 3d at 668-69.) We do not believe this distinction warrants a finding of duty in this case. Because the driver of the truck could see Riverdale Road, the fact that plaintiff could not see the driveway does not affect the determination of whether it was reasonably foreseeable that the driver would violate his own statutory duty, and ultimately whether the injury was a reasonably foreseeable result of the condition of the driveway.

In addition to the above cases, we find the appellate court's opinion in *Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, to be persuasive. In that case the plaintiff sought recovery from defendant landowner for injuries suffered as a result of a collision between a vehicle exiting defendant's adjacent parking lot and a plaintiff's vehicle which was traveling on that highway. The accident occurred entirely within the adjacent roadway. In finding that the landowner had no duty to the plaintiff, the court stated:

" 'It is a matter of common knowledge that most residences \*\*\* have driveways leading from the streets across sidewalks onto their premises where cars are parked, and that such vehicles must be backed up (or out) in order to leave the premises. Under these circumstances the property owner is not liable [for accidents involving vehicles exiting such a driveway] because the owner cannot control and has no right to control the drivers of the vehicles. *However, the property owner has a right to expect the drivers of cars to look before they back out* \*\*\*.' " (Emphasis added.) *Zimmermann,* 122 Ill. App. 3d at 1054, quoting *Safeway Stores, Inc. v. Musfelt* (Okla. 1960), 349 P.2d 756, 758.

We agree with the above-cited appellate court decisions, and hold that under these facts defendant could not have reasonably foreseen that a driver would exit his driveway without first ascertaining whether any traffic was approaching on Riverdale Road. (*McLaughlin,* 278 Ill. App. at 557.) Rather, defendant had a right to expect that the truck driver would check for oncoming traffic before entering Riverdale Road. (*Zimmermann,* 122 Ill. App. 3d at 1054.) Because the condition on defendant's land posed no danger to plaintiff absent the independent, negligent act of the driver, we find the accident in this case was not a reasonably foreseeable result of the condition on defendant's land.

Even if we were to find that it was reasonably foreseeable that the condition on defendant's land would result in this type of accident, we believe other factors would warrant against imposing a duty. This court has previously stated "[the] imposition of a general duty to anticipate and guard against the negligence of others would place an intolerable burden on society." (*Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 366.) In this case, plaintiff is seeking to impose a duty on defendant to maintain his property so as to guard against an injury occurring off defendant's land. Yet, the

condition on defendant's land posed no danger to plaintiff, absent the driver's violating his own standard of care. Thus imposition of a duty here would require defendant to "guard against the negligence of others." This is a considerably higher burden than guarding against dangers created solely by conditions on his land. Therefore, we find defendant did not have a duty to maintain his property in such a way that plaintiff could see his driveway from Riverdale Road.

Our decision is supported by general policy considerations. As previously stated, the only duty which defendant might owe to plaintiff arises by virtue of his status as a landowner. The underlying rationale for holding a landowner liable for injuries occurring as a result of conditions on his land is that the landowner is in the best position to prevent the injury. However, in this case, we find that the truck driver was in the best position to prevent the injury. Thus the usual justification for imposing landowner liability is not present in this case.

For the foregoing reasons, we find that defendant did not owe a duty to plaintiff under these circumstances. Therefore we reverse the judgment of the appellate court, affirm the order of the circuit court, and remand the cause to the circuit court for further proceedings.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*

JUSTICES BILANDIC, HEIPLE and FREEMAN took no part in the consideration or decision of this case.