NATALIE LEONARD, Petitioner-Appellant, v. KARL KURTZ *et al.*, Respondents-Appellees.

Third District  No. 3—91—0948

Opinion filed September 22, 1992.

Laird M. Ozmon, of Laird M. Ozmon, Ltd., of Joliet (James P. Stevenson, of counsel), for appellant.

Matyas & Norris, of Chicago (Patrick Norris, of counsel), for appellee Park Crematory, Inc.

Stefanich, McGarry, Wols & Okrei, of Joliet (Roman R. Okrei, of counsel), for appellee Gerald Dames.

Miles P. Cahill, of Modesto, Reynolds & McDermott, of Wheaton, for other appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

The trial court dismissed various negligence counts alleged in plaintiff's amended complaint. We granted leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) to consider the following two questions of law:

"1. In a wrongful cremation cause of action, is the surviving spouse (or relatives) a bystander pursuant to *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1 and therefore subject to the zone of danger rule for resulting emotional distress?

2. In a wrongful cremation cause of action, is the surviving spouse (or relatives) a direct victim and thus an exception to the *Rickey* zone of danger rule as was the patient in *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 574 N.E.2d 602 and thus not subject to the *Rickey* zone of danger rule for resulting emotional distress?"

In plaintiff's lawsuit for wrongful cremation of her husband's remains, we find the plaintiff was not a bystander or a direct victim of defendants' alleged negligence. Therefore, we affirm the trial court.

Plaintiff alleged in her amended complaint that she was the surviving spouse of Wilfred Leonard. As the lawful custodian of his remains, she employed defendants Karl Kurtz, Kurtz Memorial Chapel, Ltd., Kurtz Ambulance Service, Inc., and Kurtz Paramedic Service, Inc., to transport her husband's remains to defendants Gerald Dames and Gerald Dames and Sons Funeral Home.

The defendant Park Crematory, Inc., obtained possession of Mr. Leonard's remains and cremated them. Plaintiff did not authorize or desire the cremation of her husband's remains. Plaintiff was 70 years old and was raised and schooled in the Roman Catholic faith. She is a deeply religious person who believes that cremation is not a proper religious means for disposing of the remains of a human body.

Plaintiff alleged that defendants owed her a duty to use ordinary care to safeguard her husband's remains against unauthorized cremation. Plaintiff further alleged that the defendants were negligent in: (1) permitting the remains to be cremated without her approval; (2) failing to perform a proper identification of decedent's remains prior to cremation; and (3) failing to safeguard decedent's remains to prevent unauthorized cremation.

Plaintiff additionally alleged in her amended complaints that defendants Kurtz and Dames, who are licensed funeral directors, attempted to coerce her into signing a cremation consent form by

threatening to keep her husband's cremated remains. Plaintiff also claimed that they offered her free funeral services for his remains if she would sign the cremation consent form.

Plaintiff alleged that as a result of all of the defendants' acts, she "sustained severe injuries in that she suffered great pain and anguish and severe emotional distress."

Prior to 1983, Illinois courts applied the "impact rule" in cases of negligent infliction of emotional distress. Our supreme court in *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657, ruled that a plaintiff could not recover for physical injury that developed because of emotional distress *unless* he received either physical injury or some impact to his person at the occurrence of the tort. (*Braun*, 175 Ill. at 413, 51 N.E. at 661-62.) Under this rule, recovery for negligently caused emotional distress suffered by a direct victim or bystander who witnessed the injury of another was consistently denied unless accompanied by a contemporaneous physical injury or impact to the plaintiff. *Hayes v. Illinois Power Co.* (1992), 225 Ill. App. 3d 819, 823, 587 N.E.2d 559, 561.

In 1983, our supreme court adopted the zone of physical danger rule as an exception to the physical impact requirement. The zone of physical danger rule allows a bystander to an accident to plead a cause of action for negligent infliction of emotional distress. (*Rickey*, 98 Ill. 2d at 555, 457 N.E.2d at 5.) The zone of physical danger rule requires that a plaintiff must have been endangered by the defendant's negligence and must have suffered physical injury or illness as a result of the emotional distress caused by the negligence. *Siemieniec v. Lutheran General Hospital* (1987), 117 Ill. 2d 230, 261, 512 N.E.2d 691, 707.

We note that under the supreme court's analysis in *Rickey*, Illinois courts have not previously allowed a cause of action for emotional distress based on the negligent mishandling of a corpse. *Koeller v. Cook County* (1989), 180 Ill. App. 3d 425, 535 N.E.2d 1118; *Courtney v. St. Joseph Hospital* (1986), 149 Ill. App. 3d 397, 500 N.E.2d 703.

■ We find that the allegations of defendants' negligence in plaintiff's amended complaints clearly fail to meet the requirements of *Rickey*. Plaintiff does *not* allege that she suffered any physical injury or illness. Plaintiff's complaints allege that she "sustained severe injuries in that she suffered great pain and anguish and severe emotional distress." Plaintiff's allegation merely concludes that she suffered emotional distress. *Rickey* requires an allegation that plaintiff suffered physical injury or illness as a result of the emotional distress. It is not enough to simply equate physical injury or illness with emo-

tional distress. Plaintiff must allege the causation between her physical injury or illness and the emotional distress which was caused by defendants' negligence. Even if the plaintiff could demonstrate that she suffered "physical injury or illness resulting from emotional distress" (*Rickey*, 98 Ill. 2d at 555, 457 N.E.2d at 5), she failed to allege that she was "in a zone of physical danger and *** [defendants' negligence put her in] reasonable fear for [her] own safety." *Rickey*, 98 Ill. 2d at 555, 457 N.E.2d at 5.

Here, plaintiff did *not* allege that she witnessed any of defendants' alleged acts or omissions, *or* that she was placed in a zone of physical danger which caused her to fear for her own personal safety. Therefore, we find the plaintiff's allegations are insufficient to establish that she was a bystander within the zone of physical danger.

The second question which we are asked to address is whether the surviving spouse in a wrongful cremation action is a direct victim under *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 574 N.E.2d 602. Plaintiff argues that she was a direct victim of defendants' alleged negligence. We disagree.

The plaintiff in *Corgan* sought damages for emotional distress caused by her therapist's exploitation when he convinced her to engage in sexual relations under the guise of therapy. Our supreme court in *Corgan* found that the plaintiff had stated a cause of action for negligence. (*Corgan*, 143 Ill. 2d at 308, 574 N.E.2d at 607.) The plaintiff correctly notes that the supreme court in *Corgan* clarified *Rickey* when it determined that the zone of physical danger rule applied only to bystanders and not to direct victims. (*Corgan*, 143 Ill. 2d at 304-06, 574 N.E.2d at 605-06; *Hayes*, 225 Ill. App. 3d at 824, 587 N.E.2d at 562.) Plaintiff argues that she is a direct victim of defendants' negligence just like the plaintiff in *Corgan*. Therefore, plaintiff argues that the zone of physical danger rule pertaining to bystanders does not apply in this appeal.

■ Plaintiff contends that she is a direct victim because the mishandling of her husband's remains constituted a tort committed directly upon her. We disagree. We find that there is no contemporaneous physical injury to the plaintiff which is sufficient to make her a direct victim. Plaintiff also argues that for no other reason than that she is the surviving spouse, she must be a direct victim of a wrongful cremation. We also disagree.

We find that the facts in the instant appeal are dramatically different from the facts in *Corgan*. In *Corgan*, the plaintiff sued the defendant because of the malpractice which he performed directly upon her. Here, the plaintiff can only claim that her emotional dis-

tress was a derivative consequence of the allegedly negligent acts performed upon her deceased husband's remains. We note that the alleged acts of negligence clearly were not performed by the defendants directly upon the plaintiff. There was no direct contact between the plaintiff and defendants. Therefore, we find the plaintiff's reliance on *Corgan* is misplaced.

For the reasons indicated, the judgment of the circuit court of Will County which dismissed various negligence counts alleged in plaintiff's amended complaint is affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.