RICHARD D. ABERNATHY, Plaintiff-Appellant, v. DYNELL SPRINGS
COMPANY, INC., d/b/a The Sabre Room, Defendant-Appellee.

First District (1st Division)   No. 86—3043

Opinion filed January 30, 1989.

Anesi, Ozmon, Lewin & Associates, of Chicago (Nat P. Ozmon and Richard B. Rogich, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski and Michael Resis, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Richard D. Abernathy, filed this action on September 4, 1980, in the circuit court of Cook County to recover damages for injuries sustained by him as a result of an automobile accident. Plaintiff named Thomas J. Oberleitner and Dynell Springs Company, Inc., d/b/a the Sabre Room, as defendants in this action. Plaintiff alleged in his

complaint that Oberleitner was negligent in attempting to exit from the Sabre Room parking lot onto 95th Street, resulting in a collision of his motorcycle with Oberleitner's vehicle in the curb lane on 95th Street. Plaintiff further alleged that the Sabre Room was guilty of one or more of the following negligent acts: (1) caused to be erected a stone mason wall for decorative purposes; (2) allowed weeds and grass to grow adjacent to the wall which further obstructed the view of motor vehicle operators; (3) allowed the wall to be built so as to encroach upon the public right-of-way, and (4) failed to place adequate lighting and warning to the public regarding exiting vehicles.

Oberleitner was voluntarily dismissed on December 1, 1980, pursuant to a settlement. On April 4, 1981, the plaintiff filed an amended complaint adding Palos Township, the City of Hickory Hills and Cook County, alleging that they owned, operated, controlled, or maintained the roadway at/or about 8850 West 95th Street. Plaintiff filed a second-amended complaint on May 3, 1982. Subsequently, Palos Township, the City of Hickory Hills and Cook County moved for summary judgment, denying that they owned, operated, controlled, or maintained 95th Street, a State highway. Summary judgment was granted by the trial court on May 25, 1983, to Palos Township, the City of Hickory Hills and Cook County. On March 17, 1986, the Sabre Room filed a motion for summary judgment which was granted by the trial court on September 30, 1986. Plaintiff appeals that order.

On July 6, 1980, the plaintiff, Richard Abernathy, was injured at approximately 8850 West 95th Street in Palos Township in Cook County as he traveled west on 95th Street in the curb lane on his motorcycle. Plaintiff provided deposition testimony stating that while proceeding west on 95th Street there is a small hill that crests where the driveway of the Sabre Room parking lot meets 95th Street. Plaintiff stated that he saw a motor vehicle driven by Thomas Oberleitner exiting the driveway of the Sabre Room parking lot approximately 100 feet away. When he first saw the vehicle it was just starting to move but had not entered his lane. When the vehicle continued to move, the plaintiff attempted to go to his left to avoid the vehicle, but the left side of the driver's vehicle struck the right side of the plaintiff's motorcycle. Plaintiff acknowledged that he was never told that Oberleitner experienced difficulty seeing him prior to the accident.

Plaintiff maintains that a decorative stone wall, approximately four or five feet high, is located on each side of the Sabre Room driveway. A plat of survey revealed that the property line of the Sabre Room ended approximately 23 feet from the curb on 95th Street. The plat of survey further revealed that the last 9.58 feet of the stone

wall closest to the street were located on property condemned by the State in 1940. Moreover, the wall ends approximately 13 feet from the curb. Therefore, it does not actually border 95th Street.

Arnold Muzzarelli, the owner of the Sabre Room, provided deposition testimony stating that the stone wall was erected prior to his purchasing the property in 1955. Moreover, he has not maintained or performed any work on the wall. Timothy McKeon, a witness to the accident, provided deposition testimony stating that when Oberleitner was exiting the Sabre Room parking lot, he initially stopped even with the wall and then entered the first lane on 95th Street prior to the collision. A potential expert witness provided an affidavit which contained his conclusion that the stone wall was a major contributing cause of the accident. This affidavit, however, was struck by the trial court, and hence, is not part of the record.

Plaintiff argues that the trial court erred in granting summary judgment when there existed a genuine issue of material fact regarding whether the Sabre Room was negligent in violating a State statute and a Hickory Hills Township ordinance, and whether the stone wall was the proximate cause of the plaintiff's injuries. The defendant maintains that the entry of summary judgment was proper since it was supported by the pleadings, proofs and exhibits.

■ The purpose of a summary judgment proceeding is to determine whether a genuine issue of material fact exists. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) It is well settled that a motion for summary judgment will only be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is not a genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.

■ We recognize that summary judgment is a drastic means of disposing of litigation, and therefore, should only be granted when the right of the moving party is free from doubt. (*Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 339, 431 N.E.2d 62.) However, a motion for summary judgment will not be denied even if there are fact issues in dispute where the issues are not material to the essential elements of the cause of action or defense. *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 259, 512 N.E.2d 993; *Shultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 805, 352 N.E.2d 310.

■ Plaintiff argues that the defendant, as the owner of the subject property, owed a common law duty of care to the plaintiff in the use of its property, and that the defendant breached his duty of care

by allowing the stone wall to extend from his property onto the State highway limits. Therefore, he maintains that as a result of this breach, summary judgment should not have been granted. Plaintiff further argues that an issue of material fact existed regarding whether the stone wall was the proximate cause of the collision between Abernathy and Oberleitner. The defendant contends that it owed no legal duty to the plaintiff. To sufficiently state a cause of action for negligence, the plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused as a result of that breach. *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 217, 517 N.E.2d 656; *Kirk v. Michael Reese Hospital* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387.

■ In determining whether summary judgment was proper, we must make a threshold determination of whether the defendant owed the plaintiff a duty. It is well settled that although the determination regarding whether a duty has been breached and whether that breach is a proximate cause of the injury is a question of fact, that may be decided by a jury (*French v. City of Springfield* (1976), 65 Ill. 2d 74, 79, 357 N.E.2d 438), the question of whether a duty exists between the plaintiff and defendant is an issue of law to be determined by the trial court. *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163, 456 N.E.2d 116; *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 339, 431 N.E.2d 62; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617.

■ Our supreme court has specifically set forth the law of summary judgment as it relates to duty, holding that

"the entry of a summary judgment is proper when only a question of law is involved. (*Allen v. Meyer*, 14 Ill. 2d 284.) Thus, if under the pleadings and affidavits it appears that the defendant owed no duty *** the granting of the motion for summary judgment was proper." *Barnes v. Washington* (1973), 56 Ill. 2d 22, 27, 305 N.E.2d 535.

■ As to the element of duty, it is undisputed that the defendant's property ended approximately 23 feet from the edge of 95th Street. Moreover, the last 9.58 feet of the wall closest to the street were located on State property that was condemned by the State in 1940. Even if the defendant had torn down that portion of the wall located on its property, that part of the wall closest to the street on the State-condemned property would have remained, resulting in no benefit to the public. The wall actually ended 13 feet from the curb of 95th Street. Therefore, as revealed by the plaintiff's testimony, he

had an unimpeded view of Oberleitner since he saw Oberleitner's vehicle 100 feet away. Furthermore, there was no evidence presented that the wall obstructed Oberleitner's view. Timothy McKeon, a witness to the accident, also testified that Oberleitner initially stopped even with the wall and he had entered the curb lane before the collision.

Under the facts of this case, we find no common law duty that was breached by the defendant. Moreover, the plaintiff failed to submit any evidence that it was reasonably foreseeable that the wall was the proximate cause of the accident.

Plaintiff next argues that the defendant was negligent in violating section 9—117 of the Illinois Highway Code (Ill. Rev. Stat. 1985, ch. 121, par. 9—117), which protects persons and property, since the wall is within the State highway limits of 95th Street. The statute specifically provides:

> "If any person injures or obstructs a public highway by felling a tree or trees in, upon or across the same, or by placing or leaving any other obstruction thereon, or encroaching upon the same with any fence, or by plowing or digging any ditch or other opening thereon, or by turning a current of water so as to saturate, wash or damage the same, or by plowing in or across or on the slopes of the side gutters or ditches, or by placing any material in such ditches, or in any way interfering with the free flow of water therein, or leaves the cuttings of any hedge thereon for more than 10 days, without the permission of the highway authority having jurisdiction over such highway, he shall be guilty of a petty offense and fined for every such offense not less than $10 nor more than $100; and in case of placing any obstruction on the highway, an additional sum of not exceeding $10 per day for every day he allows such obstruction to remain after he has been ordered to remove it by the highway authority having jurisdiction over such highway. Any person feeling himself aggrieved or any such highway authority may make a complaint under this Section." Ill. Rev. Stat. 1985, ch. 121, par. 9—117.

■ The section of the Illinois Highway Code relied on by the plaintiff cannot properly be interpreted to apply to this case. The statute imposes liability if the obstruction is *in, upon or across* a public highway. (Ill. Rev. Stat. 1985, ch. 121, par. 9—117.) Defendant in the instant case did not violate the subject statute. There is no evidence that the defendant injured a public highway, nor did the evidence show an obstruction was in, upon or across 95th Street. On the contrary, a plat of survey revealed that the defendant's property ended

approximately 23 feet from the curb on 95th Street, and the wall ended 13 feet from the curb on 95th Street, with the last 9.58 feet of the wall closest to 95th Street located on property condemned by the State in 1940.

In *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993, the plaintiff argued that a duty existed because the defendant violated two public safety statutes concerning obstructions on highways. We concluded that our nuisance statute does not apply to foliage that did not interfere with movement over the road even though the foliage adjoined the roadway. (*Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 261, 512 N.E.2d 993.) We further held that unless there exists a statutory directive to the contrary, a landowner is under no duty to remove foliage on his property in order that motorist approaching an intersection can see other intersecting motorist. (159 Ill. App. 3d at 262.) Similarly, in the instant case, in the absence of a statutory directive, there is no duty on a landowner to remove a wall that extends onto State-owned property which does not obstruct the movement on the highway.

Plaintiff further asserts that the existence of the wall on the defendant's property violates article 4, sections 4.05 and 4.06, of the Hickory Hills Township ordinance, which provide:

"ARTICLE IV
4.05 Bulk Regulations
* * *

C. Walls and Fences
Walls and fences are permitted in yards subject to visibility requirement of section 4.06 and as regulated by ordinance.

4.06 Visibility at Intersection on a corner lot in an R-1, R-2, R-3, R-4, or C-3 Zoning District nothing shall be erected, placed, planted or allowed to grow in such a manner so as to materially impede vision between a height of two and a half (2½) and ten (10) feet above the center line grades of the intersecting streets in the area bounded by the street lines of such corner lot and a line joining points along said street lines thirty (30) feet from the point of the intersection."

The Hickory Hills Township ordinance applies specifically to visibility at the intersection of a corner lot. Liability cannot be imposed on the defendant based on the Hickory Hills Township ordinance since it is undisputed that the defendant's property is not located on a corner lot.

The evidence does not support the plaintiff's argument that there existed a genuine issue of material fact. The plaintiff has failed

to establish a common law or statutory duty owed to him by the Sabre Room. Accordingly, based on the foregoing, we conclude that the defendant was entitled to judgment as a matter of law and that the trial court properly granted the defendant's motion for summary judgment.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.