TERRY CROSS *et al.*, Plaintiffs-Appellants, v. BRENDA A. MOEHRING, Defendant (Muriel Wolland, d/b/a Bacon Manor Farms, Defendant-Appellee).

Fourth District   No. 4—89—0240

Opinion filed September 28, 1989.—Rehearing denied October 30, 1989.

'Donald K. Birner, of Pekin, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Frederick P. Velde, and Guy A. Studach, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Terry Cross and Jenny Cross, appeal the trial court's dismissal of their case against defendant Muriel Wolland (Muriel) for failure to state a cause of action. Plaintiffs allege in their complaint that Muriel placed an advertising sign at an intersection that blocked the view of the cross-traffic. Plaintiff Terry Cross and the other defendant were involved in an automobile accident at that intersection. Plaintiffs allege that Muriel's placement of the sign constituted a breach of the duty of care Muriel owed to the plaintiffs.

We disagree and affirm.

Plaintiff Terry Cross (Terry) was involved in an automobile accident with defendant Brenda Moehring (Brenda). The accident occurred at an intersection where Brenda had a stop sign facing her as she approached the intersection, and Terry did not. Brenda was traveling eastbound and Terry was traveling northbound when the accident occurred. Muriel's advertising sign was located on the southwest corner of this intersection. Plaintiffs do not allege in their complaint that the advertising sign obstructed Brenda's view of the stop sign; instead, they allege only that the advertising sign obstructed Brenda's view of the cross-traffic at that intersection.

Muriel filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), alleging plaintiffs' failure to state a claim for which relief could be granted. Muriel contended that she owed no duty to plaintiffs to erect her sign in a manner that would not obstruct cross-traffic.

■ The trial court granted Muriel's motion. At issue is whether plaintiffs stated a cause of action against Muriel for her having erected an advertising sign which, according to the complaint, blocked the view of cross-traffic at a controlled intersection where plaintiff was involved in an automobile accident. The standard of review is whether the complaint sufficiently stated a cause of action. *S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 828, 377 N.E.2d 73, 77; *Ording v. Springer* (1980), 88 Ill. App. 3d 243, 246, 410 N.E.2d 428, 431.

In *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 879, 520 N.E.2d 1044, 1046, this court held that, "There is no duty owed in Illinois for trees obstructing visibility of motorists on an adjoining highway by either a municipal landowner or a private one at a controlled intersection and the visibility of the traffic controls has not been obstructed." (See also *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993.) The issue presented by this appeal is whether a landowner is under a duty *not* to erect or to create an artificial condition, such as an advertising sign, at an intersection that obstructs an approaching motorist's view of cross-traffic. Plaintiffs argue that such a duty should be recognized under Illinois law, citing in support of their argument *Lemings v. Collinsville School District No. 10* (1983), 118 Ill. App. 3d 363, 454 N.E.2d 1139, and Restatement (Second) of Torts (Restatement (Second) of Torts §368 (1965)). Plaintiffs urge that we adopt the distinction provided by the Restatement between natural and artificial conditions that obstruct the vision of persons using a public way. While the Restatement (Second) of Torts is authority deserving of the highest respect, we decline to follow its recommendation concerning the issue before us. We also note the specially concurring opinion of Justice Jones in the *Lemings* case as being a basis for distinguishing that case from our present one. Justice Jones makes clear that the court in *Lemings* really did not decide the question of duty; instead, it viewed the issue before it as one concerning proximate cause. *Lemings*, 118 Ill. App. 3d at 368, 454 N.E.2d at 1142.

At oral argument, we asked counsel for the plaintiffs how our finding a duty under Illinois law for landowners not to erect or to create an artificial condition at an intersection that obstructs an approaching motorist's view of cross-traffic would affect urban landowners who have erected buildings at intersections right up to their lot lines, in some cases no more than a few feet from each intersecting street. Counsel was not able to assuage our concerns about the havoc such a finding might cause. We do not find persuasive counsel's suggestion that we not concern ourselves with this urban question since this case involves a rural intersection. We decline to do so for two reasons. First, we have difficulty discerning a principled basis for one rule governing rural intersections and another governing urban ones; and second, an urban versus rural distinction may not be all that helpful even if drawing such a distinction were appropriate. Whether a particular area is "urban" or "rural" is often in the eye of the beholder. Also, urban areas gradually become rural as one travels a highway from the center of town to the countryside. We think this

distinction would likely cause great uncertainty.

The last problem with the "urban"/"rural" distinction is that it would provide no stability. Today's rural crossroads may be tomorrow's mini-mall.

 Following *Esworthy*, we hold that a landowner owes no duty not to erect or to create an artificial condition at an intersection that obstructs an approaching motorist's view of cross-traffic. The imposition of such a duty would likely have wide-ranging and possibly adverse consequences. We believe that a balancing of the policy considerations in favor of and against the imposition of such a duty is better left to the legislative branch of our government.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.