MARIA DE JESUS ADAME, Indiv. and as Parent and Next Friend of Juan Adame, a Minor, Plaintiff-Appellant, v. SERGIO MUNOZ *et al.*, Defendants (Murray L. Weinberg, Defendant-Appellee).

First District (5th Division)   No. 1—96—0813

Opinion filed March 7, 1997.

Carroll, Hartigan, Farmer, Cerney & McGillen, of Chicago (J. Timothy Cerney and Carol S. McMahan, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Bruce L. Carmen and Steve C. Silvey, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Maria De Jesus Adame, initiated this negligence action on behalf of the minor plaintiff, Juan Adame, and against the defendants, Sergio Munoz, Chicago Title & Trust Co., the City of Rolling Meadows, and Murray Weinberg, for injuries sustained by Juan when the bicycle he was riding collided with a vehicle driven by Munoz. The trial court dismissed the plaintiff's second amended complaint against the City of Rolling Meadows based upon the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—105, 3—104 (West 1994)). The trial

court also dismissed the action as to Weinberg, and it is from this order that the plaintiff appeals. For the reasons that follow, we affirm.

The allegations in the second amended complaint state that, on or about May 2, 1994, at approximately 7 p.m., Juan was riding a bicycle at or near a cul-de-sac or parking lot at the East Park Apartments, located along the 4900 block of Algonquin Parkway in Rolling Meadows. At the same time, defendant Munoz was driving an automobile northbound on Algonquin Parkway at or near the intersection of that road with the cul-de-sac or parking lot in which Juan was riding his bicycle. The plaintiff alleges that Weinberg owned, operated, and controlled the East Park Apartments as well as the cul-de-sac and parking lot adjacent thereto. According to the plaintiff, Weinberg placed, or permitted to remain, on the sidewalk, cul-de-sac, or parking lot at East Park Apartments certain trash dumpsters that obstructed the view of bicyclists, motorists, and others in the vicinity of the intersection of Algonquin Parkway and the cul-de-sac or parking lot. As a result of Weinberg's placement of the dumpsters and his failure to warn of the condition, Juan was struck and severely injured by the vehicle driven by Munoz.

The trial court dismissed the second amended complaint as to Weinberg pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1994)). The plaintiff's motion to reconsider was denied, and this appeal followed.

■ It is well settled that, on review of an order of dismissal under section 2—615 of the Code, this court must determine the legal sufficiency of the complaint taking as true all well-pleaded facts. *Gilmore v. Stanmar, Inc.*, 261 Ill. App. 3d 651, 654, 633 N.E.2d 985 (1994). Pleadings are to be liberally construed, and we must draw all reasonable inferences from those facts that are favorable to the plaintiff. *Gilmore*, 261 Ill. App. 3d at 654. Actions should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle the plaintiff to recover. *Gilmore*, 261 Ill. App. 3d at 654.

■ To state a cause of action for negligence, a complaint must allege facts sufficient to show the existence of a duty, a breach of that duty, and injury to the plaintiff that is proximately caused by that breach. *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 542, 582 N.E.2d 108 (1991). Whether a duty exists is a question of law and depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 47, 566 N.E.2d 1365 (1991). In order to determine whether a duty exists in a particular case, a court must weigh the

foreseeability that the defendant's conduct will result in injury to another and the likelihood of an injury occurring, against the burden to the defendant of imposing a duty and the consequences of imposing this burden. *Ziemba*, 142 Ill. 2d at 47.

■ The plaintiff argues on appeal that she adequately stated a negligence cause of action against Weinberg based upon the duty of a property owner as expressed in section 364 of the Restatement (Second) of Torts. Section 364, titled "Creation or Maintenance of Dangerous Artificial Conditions," states:

> "A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if
>> (a) the possessor has created the condition, or
>> (b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession, or
>> (c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it." Restatement (Second) of Torts, § 364 (1965).

The plaintiff alleges that Weinberg's placement of the dumpsters, an artificial condition of the land, impaired visibility and thereby caused Munoz's vehicle to collide with Juan's bicycle. She contends that, under the provisions of section 364 of the Restatement, Weinberg owed a duty of reasonable care to insure that the dumpsters he placed did not create a foreseeable risk of injury to Juan.

Were we writing on a clean slate in this case, we may have been inclined to permit the plaintiff's complaint to stand. However, given that appellate courts lack the authority to overrule the supreme court or to modify its decisions, our recognition of this cause of action is foreclosed by the supreme court's decision in *Ziemba*, 142 Ill. 2d 42, 566 N.E.2d 1365. See *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 551, 457 N.E.2d 1 (1983).

In *Ziemba*, the plaintiff alleged that a dump truck that was exiting the defendant's driveway failed to stop at the end of the driveway and thereby hit the plaintiff, who was riding a bicycle on the street. The plaintiff alleged that the defendant had a duty to trim the foliage on his land near the driveway so that the driveway was visible to travelers on the street.

The supreme court analyzed whether it was reasonably foreseeable that this type of accident would occur as a natural and probable

result of foliage obscuring the view of the defendant's driveway from those traveling on the adjacent street. The court emphasized that, since the condition alone was not dangerous, the accident was a reasonably foreseeable result of the foliage only if it was reasonably foreseeable that the driver would violate his statutory duties when pulling out of the defendant's driveway. *Ziemba*, 142 Ill. 2d at 50. The court concluded that the defendant had a right to expect that the truck driver would check for oncoming traffic and could not have reasonably foreseen that a driver would exit a driveway without first ascertaining whether any traffic was approaching on the adjacent road. Since the foliage posed no danger to the plaintiff absent this independent, negligent act, the court concluded that the accident was not a reasonably foreseeable result of this condition on the defendant's land. *Ziemba*, 142 Ill. 2d at 52.

In support of its determination, the court cited previous appellate court cases holding that it was not reasonably foreseeable that conditions that obstruct the vision of travelers on adjacent highways would result in an injury to those travelers. See, *e.g., McLaughlin v. Alton R.R.*, 278 Ill. App. 551 (1935) (property owners of land bordering a highway did not owe any duty to persons using said highway to keep their lands free of weeds in order that the view of such persons might not be obstructed and that they might be able to see cars approaching along intersecting highways); *Boylan v. Martindale*, 103 Ill. App. 3d 335, 431 N.E.2d 62 (1982) (as a matter of law, the defendant could not have reasonably foreseen the intervening cause and subsequent injury as a natural and probable result of its alleged negligent failure to keep the areas adjacent to the intersection free of trees and bushes).

The *Ziemba* court also cited with approval several decisions where the courts did not specifically address the foreseeability question but, nonetheless, relied on the above-cited cases in holding that landowners do not owe a duty to maintain their property in such a way that it does not obstruct the view of travelers on an adjacent highway. For instance, in *Pyne v. Witmer*, 159 Ill. App. 3d 254, 512 N.E.2d 993 (1987), the plaintiff alleged that the defendants breached their common law duty to maintain their property in such a condition that motorists approaching the intersection could see other approaching traffic by allowing a hedge to obstruct a driver's view of oncoming cross-traffic. The court concluded that, in the absence of a statutory directive to the contrary:

> "[T]here is no duty in Illinois on a landowner to remove foliage on his property so that motorists approaching an intersection can see other intersecting motorists. Considering the burden such a

duty would impose on private property owners, we leave the imposition of such duty to the legislature." *Pyne*, 159 Ill. App. 3d at 262.

See also *Esworthy v. Norfolk & Western Ry. Co.*, 166 Ill. App. 3d 876, 879, 520 N.E.2d 1044 (1988) ("[t]here is no duty owed in Illinois for trees obstructing visibility of motorists on an adjoining highway by either a municipal landowner or a private one at a controlled intersection and the visibility of the traffic controls has not been obstructed"); *Abernathy v. Dynell Springs Co.*, 179 Ill. App. 3d 138, 534 N.E.2d 486 (1989).

■ Although our research has revealed foreign cases that applied section 364 of the Restatement to find a duty of reasonable care in similar circumstances (see *Jackson v. City of Blue Springs*, 904 S.W.2d 322 (Mo. App. 1995); *Kolba v. Kusznier*, 252 N.J. Super. 53, 599 A.2d 194 (1991); *Langen v. Rushton*, 138 Mich. App. 672, 360 N.W.2d 270 (1984)), we believe that *Ziemba* and the preceding line of cases cited therein foreclose application of this section of the Restatement in the manner urged by the plaintiff. There is simply no duty in Illinois on the part of landowners to maintain their property in such a way that it does not obstruct the view of travelers on an adjacent highway, and this refusal to find such a duty applies even where the obstruction is an artificial condition. See *Cross v. Moehring*, 188 Ill. App. 3d 830, 544 N.E.2d 1259 (1989).

Therefore, we must likewise conclude that there was no duty on the part of Weinberg to remove the dumpster on his property so that vehicles approaching the intersection could see other intersecting motorists, bicyclists, or pedestrians. The dumpster was not inherently dangerous, like a falling tree or branch. See *Mahurin v. Lockhart*, 71 Ill. App. 3d 691, 390 N.E.2d 523 (1979). Rather, the obstruction only became dangerous when combined with a motorist, bicyclist, or pedestrian who, while undoubtedly noticing the view was obstructed at least momentarily, nonetheless failed to proceed toward the intersection with adequate caution in order to avoid a collision.

In addition, our affirmance of the dismissal here is consistent with various policy considerations, such as the general rule in Illinois that a defendant owes no duty to anticipate the negligence of others. *Ziemba*, 142 Ill. 2d at 53; *Dunn v. Baltimore & Ohio R.R. Co.*, 127 Ill. 2d 350, 537 N.E.2d 738 (1989). The court in *Ziemba* also concluded that the usual justification for imposing landowner liability was not present in that case. Whereas, the underlying rationale for holding a landowner liable for injuries occurring as a result of conditions on his land is that the landowner is in the best position to prevent the

injury, the supreme court determined that the truck driver there was in the best position to prevent the injury. *Ziemba*, 142 Ill. 2d at 53. Similarly, Munoz was in the best position to prevent the injury here since an obstruction to his view would alert him to the need to slow down or stop before proceeding past the dumpsters situated at or near the intersection of Algonquin Parkway and the parking lot or cul-de-sac. Furthermore, it has been noted that imposing the duty urged by the plaintiff here would likely result in a flood of litigation against property owners. See *Cross*, 188 Ill. App. 3d at 833.

We conclude that this general refusal to find such a duty on the part of a landowner in Illinois, as well as the relevant policy considerations therein, must be applied to the facts in the instant case; therefore, the trial court correctly granted Weinberg's motion to dismiss the plaintiff's second amended complaint.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.