FIFTH DIVISION
 Filed: 3/07/97










No. 96-0813

MARIA DE JESUS ADAME, individually and ) APPEAL FROM THE
as parent and next friend of JUAN ) CIRCUIT COURT OF
ADAME, a minor, ) COOK COUNTY
 )
 Plaintiff-Appellant, )
 )
 v. )
 )
SERGIO MUNOZ, CHICAGO TITLE & TRUST )
CO., as Trustee Under Trust No. 1096662, )
THE CITY OF ROLLING MEADOWS, a )
corporation, )
 )
 Defendants, )
 )
 and )
 )
MURRAY L. WEINBERG, ) HONORABLE
 ) PADDY H. MCNAMARA,
 Defendant-Appellee. ) JUDGE PRESIDING.

 
 JUSTICE HOFFMAN delivered the opinion of the court:

 The plaintiff, Maria De Jesus Adame, initiated this negligence
action on behalf of the minor plaintiff, Juan Adame, and against
the defendants, Sergio Munoz, Chicago Title & Trust Co., the City
of Rolling Meadows, and Murray Weinberg, for injuries sustained by
Juan when the bicycle he was riding collided with a vehicle driven
by Munoz. The trial court dismissed the plaintiff's second amended
complaint against the City of Rolling Meadows based upon the Tort
Immunity Act (745 ILCS 10/2-105, 10/3-104 (West 1994)). The trial
court also dismissed the action as to Weinberg, and it is from this
order that the plaintiff appeals. For the reasons which follow, we
affirm. 
 The allegations in the second amended complaint state that, on
or about May 2, 1994, at approximately 7 p.m., Juan was riding a
bicycle at or near a cul-de-sac or parking lot at the East Park
Apartments, located along the 4900 block of Algonquin Parkway in
Rolling Meadows. At the same time, defendant Munoz was driving an
automobile northbound on Algonquin Parkway at or near the
intersection of that road with the cul-de-sac or parking lot in
which Juan was riding his bicycle. The plaintiff alleges that
Weinberg owned, operated, and controlled the East Park Apartments
as well as the cul-de-sac and parking lot adjacent thereto. 
According to the plaintiff, Weinberg placed, or permitted to
remain, on the sidewalk, cul-de-sac, or parking lot at East Park
Apartments certain trash dumpsters which obstructed the view of
bicyclists, motorists, and others in the vicinity of the
intersection of Algonquin Parkway and the cul-de-sac or parking
lot. As a result of Weinberg's placement of the dumpsters and his
failure to warn of the condition, Juan was struck and severely
injured by the vehicle driven by Munoz.
 The trial court dismissed the second amended complaint as to
Weinberg pursuant to section 2-615 of the Code of Civil Procedure
(Code) (735 ILCS 5/2-615 (West 1994)). The plaintiff's motion to
reconsider was denied, and this appeal followed.
 It is well settled that, on review of an order of dismissal
under section 2-615 of the Code, this court must determine the
legal sufficiency of the complaint taking as true all well-pleaded
facts. Gilmore v. Stanmar, Inc., 261 Ill. App. 3d 651, 654, 633
N.E.2d 985 (1994). Pleadings are to be liberally construed, and we
must draw all reasonable inferences from those facts which are
favorable to the plaintiff. Gilmore, 261 Ill. App. 3d at 654. 
Actions should not be dismissed on the pleadings unless it clearly
appears that no set of facts can be proved which will entitle the
plaintiff to recover. Gilmore, 261 Ill. App. 3d at 654. 
 To state a cause of action for negligence, a complaint must
allege facts sufficient to show the existence of a duty, a breach
of that duty, and injury to the plaintiff which is proximately
caused by that breach. Gouge v. Central Illinois Public Service
Co., 144 Ill. 2d 535, 542, 582 N.E.2d 108 (1991). Whether a duty
exists is a question of law, and depends upon whether the parties
stood in such a relationship to one another that the law imposes an
obligation on the defendant to act reasonably for the protection of
the plaintiff. Ziemba v. Mierzwa, 142 Ill. 2d 42, 47, 566 N.E.2d
1365 (1991). In order to determine whether a duty exists in a
particular case, a court must weigh the foreseeability that the
defendant's conduct will result in injury to another and the
likelihood of an injury occurring, against the burden to the
defendant of imposing a duty, and the consequences of imposing this
burden. Ziemba, 142 Ill. 2d at 47.
 The plaintiff argues on appeal that she adequately stated a
negligence cause of action against Weinberg based upon the duty of
a property owner as expressed in section 364 of the Restatement
(Second) of Torts. Section 364, titled "Creation or Maintenance of
Dangerous Artificial Conditions," states:
 "A possessor of land is subject to liability to others
 outside of the land for physical harm caused by a
 structure or other artificial condition on the land,
 which the possessor realizes or should realize will
 involve an unreasonable risk of such harm, if
 (a) the possessor has created the condition, or
 (b) the condition is created by a third person with
 the possessor's consent or acquiescence while the
 land is in his possession, or
 (c) the condition is created by a third person
 without the possessor's consent or acquiescence, but
 reasonable care is not taken to make the condition
 safe after the possessor knows or should know of
 it." Restatement (Second) of Torts, sec. 364
 (1965). 
 The plaintiff alleges that Weinberg's placement of the dumpsters,
an artificial condition of the land, impaired visibility and
thereby caused Munoz' vehicle to collide with Juan's bicycle. She
contends that, under the provisions of section 364 of the
Restatement, Weinberg owed a duty of reasonable care to insure that
the dumpsters he placed did not create a foreseeable risk of injury
to Juan. 
 Were we writing on a clean slate in this case, we may have
been inclined to permit the plaintiff's complaint to stand. 
However, given that appellate courts lack the authority to overrule
the supreme court or to modify its decisions, our recognition of
this cause of action is foreclosed by the supreme court's decision
in Ziemba, 142 Ill. 2d 42. See Rickey v. Chicago Transit
Authority, 98 Ill. 2d 546, 551, 457 N.E.2d 1 (1983). 
 In Ziemba, the plaintiff alleged that a dump truck which was
exiting the defendant's driveway failed to stop at the end of the
driveway and thereby hit the plaintiff who was riding a bicycle on
the street. The plaintiff alleged that the defendant had a duty to
trim the foliage on his land near the driveway so that the driveway
was visible to travelers on the street. 
 The supreme court analyzed whether it was reasonably
foreseeable that this type of accident would occur as a natural and
probable result of foliage obscuring the view of the defendant's
driveway from those traveling on the adjacent street. The court
emphasized that, since the condition alone was not dangerous, the
accident was a reasonably foreseeable result of the foliage only if
it was reasonably foreseeable that the driver would violate his
statutory duties when pulling out of the defendant's driveway. 
Ziemba, 142 Ill. 2d at 50. The court concluded that the defendant
had a right to expect that the truck driver would check for
oncoming traffic and could not have reasonably foreseen that a
driver would exit a driveway without first ascertaining whether any
traffic was approaching on the adjacent road. Since the foliage
posed no danger to the plaintiff absent this independent, negligent
act, the court concluded that the accident was not a reasonably
foreseeable result of this condition on the defendant's land. 
Ziemba, 142 Ill. 2d at 52. 
 In support of its determination, the court cited previous
appellate court cases holding that it was not reasonably
foreseeable that conditions which obstruct the vision of travelers
on adjacent highways would result in an injury to those travelers. 
See e.g. McLaughlin v. Alton R.R., 278 Ill. App. 551 (1935)
(property owners of land bordering a highway did not owe any duty
to persons using said highway to keep their lands free of weeds in
order that the view of such persons might not be obstructed and
that they might be able to see cars approaching along intersecting
highways); Boylan v. Martindale, 103 Ill. App. 3d 335, 431 N.E.2d
62 (1982) (as a matter of law, the defendant could not have
reasonably foreseen the intervening cause and subsequent injury as
a natural and probable result of its alleged negligent failure to
keep the areas adjacent to the intersection free of trees and
bushes).
 The Ziemba court also cited with approval several decisions
where the courts did not specifically address the foreseeability
question but, nonetheless, relied on the above-cited cases in
holding that landowners do not owe a duty to maintain their
property in such a way that it does not obstruct the view of
travelers on an adjacent highway. For instance, in Pyne v. Witmer,
159 Ill. App. 3d 254, 512 N.E.2d 993, the plaintiff alleged that
the defendants breached their common law duty to maintain their
property in such a condition that motorists approaching the
intersection could see other approaching traffic by allowing a
hedge to obstruct a driver's view of oncoming cross-traffic. The
court concluded that, in the absence of a statutory directive to
the contrary,:
 " *** there is no duty in Illinois on a landowner to
 remove foliage on his property so that motorists
 approaching an intersection can see other intersecting
 motorists. Considering the burden such a duty would
 impose on private property owners, we leave the
 imposition of such duty to the legislature." Pyne, 159
 Ill. App. 3d at 262.
 See also Esworthy v. Norfolk & Western Ry. Co., 166 Ill. App. 3d
876, 879, 520 N.E.2d 1044 (1988) ("[t]here is no duty owed in
Illinois for trees obstructing visibility of motorists on an
adjoining highway by either a municipal landowner or a private one
at a controlled intersection and the visibility of the traffic
controls has not been obstructed"); Abernathy v. Dynell Springs
Co., 179 Ill. App. 3d 138, 534 N.E.2d 486 (1989).
 Although our research has revealed foreign cases which applied
section 364 of the Restatement to find a duty of reasonable care in
similar circumstances (see Jackson v. City of Blue Springs, 904
S.W.2d 322 (Mo. App. W.D. 1995); Kolba v. Kusznier, 252 N.J. Super.
53, 599 A. 2d 194 (1991); Langen v. Rushton, 138 Mich. App. 672,
360 N.W.2d 270 (1984)), we believe that Ziemba and the preceding
line of cases cited therein foreclose application of this section
of the Restatement in the manner urged by the plaintiff. There is
simply no duty in Illinois on the part of landowners to maintain
their property in such a way that it does not obstruct the view of
travelers on an adjacent highway, and this refusal to find such a
duty applies even where the obstruction is an artificial condition. 
See Cross v. Moehring, 188 Ill. App. 3d 830, 544 N.E.2d 1259
(1989).
 Therefore, we must likewise conclude that there was no duty on
the part of Weinberg to remove the dumpster on his property so that
vehicles approaching the intersection could see other intersecting
motorists, bicyclists, or pedestrians. The dumpster was not
inherently dangerous like a falling tree or branch. See Mahurin v.
Lockhart, 71 Ill. App. 3d 691, 390 N.E.2d 523 (1979). Rather, the
obstruction only became dangerous when combined with a motorist,
bicyclist, or pedestrian who, while undoubtedly noticing the view
was obstructed at least momentarily, nonetheless failed to proceed
toward the intersection with adequate caution in order to avoid a
collision. 
 In addition, our affirmance of the dismissal here is
consistent with various policy considerations, such as the general
rule in Illinois that a defendant owes no duty to anticipate the
negligence of others. Ziemba, 142 Ill. 2d at 53; Dunn v. Baltimore
& Ohio R.R. Co., 127 Ill. 2d 350, 537 N.E.2d 738 (1989). The court
in Ziemba also concluded that the usual justification for imposing
landowner liability was not present in that case. Whereas, the
underlying rationale for holding a landowner liable for injuries
occurring as a result of conditions on his land is that the
landowner is in the best position to prevent the injury, the
supreme court determined that the truck driver there was in the
best position to prevent the injury. Ziemba, 142 Ill. 2d at 53. 
Similarly, Munoz was in the best position to prevent the injury
here since an obstruction to his view would alert him to the need
to slow down or stop before proceeding past the dumpsters situated
at or near the intersection of Algonquin Parkway and the parking
lot or cul-de-sac. Furthermore, it has been noted that imposing
the duty urged by the plaintiff here would likely result in a flood
of litigation against property owners. See Cross, 188 Ill. App. 3d
at 833. 
 We conclude that this general refusal to find such a duty on
the part of a landowner in Illinois, as well as the relevant policy
considerations therein, must be applied to the facts in the instant
case; therefore, the trial court correctly granted Weinberg's
motion to dismiss the plaintiff's second amended complaint. 
 For the foregoing reasons, we affirm the judgment of the
circuit court of Cook County. 
 Affirmed.
 HARTMAN, P.J., and HOURIHANE, J., concur.